## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRAD SMITH, an individual, <br><br> Plaintiff, <br><br> v. <br><br> BIONA US, LLC, a Washington Limited Liability Company, <br><br> Defendant. | CASE NO. <br><br> COMPLAINT <br><br> JURY DEMAND |

### I.   STATEMENT OF THE CASE

Plaintiff BRAD SMITH, by and through the undersigned attorneys, files this Complaint and sues the Defendant BIONA US, LLC, a Washington Limited Liability Company ("Biona"), for unpaid overtime compensation, unpaid minimum wages, liquidated damages, double damages and other relief under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA") the Washington Minimum Wage Act, RCW 49.46 ("MWA"), the Washington Wage Payment Act, RCW 49.48 ("WPA") and the Washington Wage Rebate Act, RCW 49.52 ("WRA").

COMPLAINT – Page 1
Case No.:

VANGUARD LAW, PLLC
PO BOX 939
POULSBO WA  98370
Office (206) 488-8344

## II.     PARTIES, JURISDICTION AND VENUE

2.1     Plaintiff Brad Smith ("Mr. Smith") is an individual residing in King County, Washington and a former employee of Defendant.

2.2     Defendant Biona is a Washington limited liability company with a principal place of business in King County, Washington.

2.3     This Court has jurisdiction over the federal law claims pursuant to 28 U.S.C. § 1331, and over the state law claims pursuant to 28 U.S.C. § 1367(a).

2.4     Venue lies within the Western District of Washington under 28 U.S.C. §1391(b) as all parties reside within the State of Washington and this judicial district and the events underlying this complaint occurred within the State of Washington and this judicial district.

## III.     FACTUAL ALLEGATIONS

3.1     Defendant operates Superior Towing which provides towing services in the greater Seattle area.

3.2     During Plaintiff's employment with Defendant, Defendant had two or more employees engaged in commerce or in the production of goods for commerce, or handling, selling or otherwise working on goods or materials, that have been moved in or produced for commerce.

3.3     Included in such goods, materials and supplies were tow trucks, other vehicles, telephones, computers, office supplies and numerous other items that originated from outside the state of Washington.

3.4     During Plaintiff's employment with Defendant, Defendant as an enterprise had annual gross volume of sales of $500,000 or more.

COMPLAINT – Page 2
Case No.:

VANGUARD LAW, PLLC
PO BOX 939
POULSBO WA 98370
Office (206) 488-8344

3.5     Therefore, Defendant is an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 203(s).

3.6     Plaintiff worked for Defendant from approximately May 2017 to June 2018 as a tow truck driver.

3.7     During his employment for Defendant, Plaintiff was at all times paid on an hourly basis plus some commissions paid based on tows performed plus tips received from customers.

3.8     During his employment for Defendants Plaintiff was at all times an employee eligible for overtime and minimum wage compensation under the FLSA, 29 U.S.C. §207.

3.9     During his employment for Defendant, Plaintiff was at all times an employee eligible for overtime and minimum wage compensation under the MWA, RCW 49.46.130.

3.10    At all times relevant to this action, Defendant failed to comply with the FLSA the MWA, and/or the WRA by failing to pay Plaintiff time and one-half of his regular rate of pay for all hours worked in excess of forty hours per workweek ("overtime hours"), by failing to pay Plaintiff his last paycheck, failing to cash out his earned, unused vacation, and by failing to allow Plaintiff to keep all tips received by him.

3.11    When Plaintiff began working for Defendant, he routinely worked overtime hours for Defendant.

3.12    Initially, Plaintiff was paid his straight regular hourly rate for overtime hours worked, plus commissions, and was allowed to keep his tips received from customers.

3.13    However, at some point, Defendant began deducting 10% of Plaintiff's tips from his paycheck (while in addition to still paying overtime incorrectly).

3.14    These practices continued for many months until after Plaintiff complained about the issue, at which point Defendant did start paying time and one-half of Plaintiff's hourly rate for his

COMPLAINT – Page 3
Case No.:

VANGUARD LAW, PLLC
PO BOX 939
POULSBO WA  98370
Office (206) 488-8344

overtime hours worked. However, Defendant still failed to pay correct overtime during this time period because it did not include Plaintiff's earned commissions in his regular rate of pay for calculating overtime.

3.15    After Plaintiff left Defendant's employment, Defendant withheld Plaintiff's last paycheck for one week of pay and has failed to pay Plaintiff at all for his last week of work.

3.16    Defendant also failed to pay Plaintiff for his earned, unused vacation upon the separation of Plaintiff's employment with Defendant.

3.17    Defendant has violated the FLSA by failing to pay Plaintiff one and one-half times his regular hourly rate of pay for all overtime hours that he worked during the relevant time period as well as by failing to pay him at least the minimum wage for his last week of work.

3.18    Defendant has violated the MWA and/or the WRA by failing to pay Plaintiff one and one-half times his regular hourly rate of pay for all overtime hours that he worked during the relevant time period, as well as by failing to pay him all tips received by him and by failing to pay him his last week of wages earned and failing to pay Plaintiff for his earned, unused vacation upon the separation of Plaintiff's employment with Defendant.

3.19    Defendant did not have a good faith basis in its decision to withhold overtime compensation to Plaintiff, or to keep a portion of Plaintiff's tips and to not pay him his last week of work.

3.20    Defendant's violations of the FLSA, MWA and/or WRA are willful.

3.21    Upon information and belief, the records, to the extent any exist and are accurate concerning the number of hours worked and the amounts paid to Plaintiff in each workweek are in the possession and custody of the Defendant.

COMPLAINT – Page 4
Case No.:

VANGUARD LAW, PLLC
PO BOX 939
POULSBO WA  98370
Office (206) 488-8344

## IV.   FIRST CAUSE OF ACTION
### Failure To Pay Overtime Compensation
### Violation of the Fair Labor Standards Act
### 29 U.S.C. § 207

4.1   Plaintiff realleges paragraphs 1.1 through 3.21 as though fully set forth herein.

4.2   Defendant's actions and/or omissions constitute violations of the Fair Labor Standards Act, 29 U.S.C. § 207.

4.3   As a result of Defendant's violations, Plaintiff has been damaged in an amount to be proven at trial.

4.4   As a result of Defendant's lack of good faith and/or willful failure to pay overtime, Plaintiff is entitled to liquidated damages under the FLSA, 29 U.S.C. §216(b).

## V.   SECOND CAUSE OF ACTION
### Failure to Pay Overtime Compensation
### Violation of the Washington Minimum Wage Act
### RCW 49.46.130

5.1   Plaintiff realleges paragraphs 1.1 through 4.4 as though fully set forth herein.

5.2   Defendant's actions and/or omissions constitute violations of the Washington Minimum Wage Act, RCW 49.46.130.

5.3   As a result of Defendant's violations, Plaintiff has been damaged in an amount to be proven at trial.

COMPLAINT – Page 5
Case No.:

VANGUARD LAW, PLLC
PO BOX 939
POULSBO WA  98370
Office (206) 488-8344

### VI.   THIRD CAUSE OF ACTION
### Failure To Pay Minimum Wage Compensation
### Violation of the Fair Labor Standards Act
### 29 U.S.C. § 206

6.1   Plaintiff realleges paragraphs 1.1 through 5.3 as though fully set forth herein.

6.2   Defendant's actions and/or omissions constitute violations of the Fair Labor Standards Act, 29 U.S.C. § 206.

6.3   As a result of Defendant's violations, Plaintiff has been damaged in an amount to be proven at trial.

6.4   As a result of Defendant's lack of good faith and/or willful failure to pay overtime, Plaintiff is entitled to liquidated damages under the FLSA, 29 U.S.C. §216(b).

### VII.   FOURTH CAUSE OF ACTION
### Failure to Pay Minimum Wage Compensation
### Violation of the Washington Minimum Wage Act
### RCW 49.46.0200

7.1   Plaintiff realleges paragraphs 1.1 through 6.4 as though fully set forth herein.

7.2   Defendant's actions and/or omissions constitute violations of the Washington Minimum Wage Act, RCW 49.46.020.

7.3   As a result of Defendant's violations, Plaintiff has been damaged in an amount to be proven at trial.

COMPLAINT – Page 6
Case No.:

VANGUARD LAW, PLLC
PO BOX 939
POULSBO WA  98370
Office (206) 488-8344

## VIII.   FIFTH CAUSE OF ACTION
### Failure to Pay Wages Upon Termination Of Employment
### Violation of the Washington Wage Payment Act
### RCW 49.48.010

8.1   Plaintiff realleges paragraphs 1.1 through 7.3 as though fully set forth herein.

8.2   Defendant's actions and/or omissions constitute violations of the Washington Wage Payment Act, RCW 49.48.010.

8.3   As a result of Defendant's violations, Plaintiff has been damaged in an amount to be proven at trial.

## IX.   SIXTH CAUSE OF ACTION
### Willful Wage Withholding
### Violation of the Washington Wage Rebate Act
### RCW 49.52.050

9.1   Plaintiff realleges paragraphs 1.1 through 8.3 as though fully set forth herein.

9.2   Defendant's actions and/or omissions constitute violations of the Washington Wage Rebate Act, RCW 49.52.050.

9.3   As a result of Defendant's violations, Plaintiff has been damaged in an amount to be proven at trial.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

COMPLAINT – Page 7
Case No.:

VANGUARD LAW, PLLC
PO BOX 939
POULSBO WA  98370
Office (206) 488-8344

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff respectfully requests that this Court grant the following relief as against Defendant:

1. An order declaring Plaintiff's right to overtime compensation for all hours worked in excess of forty hours per workweek during the relevant time period pursuant to the FLSA and the MWA;

2. An order granting Plaintiff full compensation for all unpaid overtime wages and other actual monetary losses in an amount to be proven at trial pursuant to 29 U.S.C. § 216 and/or RCW 49.46.090;

3. An order declaring Plaintiff's right to unpaid minimum wages and tips withheld during the relevant time period pursuant to the FLSA and the MWA;

4. An order granting Plaintiff full compensation for all unpaid minimum wages, tips withheld and other actual monetary losses in an amount to be proven at trial pursuant to 29 U.S.C. § 216, RCW 49.46.090 and/or RCW 49.48.010;

5. An order granting Plaintiff an award of liquidated damages in an amount to be proven at trial pursuant to 29 U.S.C. § 216(b);

6. An award of double damages pursuant to RCW 49.52.070;

7. An award of attorney's fees and costs in an amount to be proven at trial pursuant to 29 U.S.C. § 216, RCW 49.46.090, RCW 49.48.030, and/or RCW 49.52.070; and

COMPLAINT – Page 8
Case No.:

VANGUARD LAW, PLLC
PO BOX 939
POULSBO WA  98370
Office (206) 488-8344

1
2      8.      Such other and further relief as the Court deems just and equitable.

3      RESPECTFULLY SUBMITTED this 4th day of November, 2018.

4
5
6                                  By: /s/ C. Ryan Morgan
                                   C. Ryan Morgan, Esq.
7                                  FSBA 0015527
                                   *Pro hac vice forthcoming*
8                                  Morgan & Morgan, P.A.
                                   20 N. Orange Ave., 14th Floor
9                                  P.O. Box 4979
                                   Orlando, FL 32802-4979
10                                 Telephone: (407) 418-2069
                                   Facsimile: (407) 425-8171
11                                 Email: RMorgan@forthepeople.com
12                                 ***Attorneys for Plaintiff***

13
14                                 By: /s/ Spencer Nathan Thal
                                   Spencer Nathan Thal, Esq.
15                                 WSBA 20074
                                   Vanguard Law, PLLC
16                                 P.O. Box 939
                                   Poulsbo, WA  98370
17                                 Telephone: (206) 488-8344
                                   Facsimile: (360) 626-1919
18                                 Email: spencer@vangurdlawfirm.com
                                   ***Attorney for Plaintiff***
19
20
21
22
23
24
25
26

COMPLAINT – Page 9
Case No.:

VANGUARD LAW, PLLC
PO BOX 939
POULSBO WA  98370
Office (206) 488-8344